UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREEMAH CLARK, | |
| Plaintiff, | No. 23 CV 4193 |
| v. | Judge Thomas M. Durkin |
| EQUITABLE LIFE INSURANCE COMPANY, | |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Kareemah Clark brings a breach of contract claim against Defendant Equitable Financial Life Insurance Co. (erroneously named as Equitable Life Insurance Company) seeking to recover an accidental death benefit. Defendant moves for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For the following reasons, the Court grants Defendant's motion.[1]

### Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). In deciding a Rule 12(c), the Court may consider only the pleadings, which include "the complaint, the answer, and any written instruments attached as

---

[1] Defendant properly removed this case from the Circuit Court of Cook County under 28 U.S.C. § 1446. *See* R. 1 (notice of removal). The Court has jurisdiction over this case based on diversity of citizenship under 28 U.S.C. § 1332(a). *See* R 1-1 at 2 (amended complaint filed in state court but alleging federal diversity jurisdiction). Plaintiff is a citizen of Illinois, Defendant is a citizen of New York, and the amount in controversy exceeds $75,000. R. 1 ¶¶ 7, 9, 12.

1

exhibits." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020) (citations omitted). A Rule 12(c) motion is "governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Therefore, to survive Rule 12(c) motion, a complaint must provide "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

**Background**

Defendant issued an Accidental Death Benefit Policy ("Policy") to Ernestine Williams in 2013, with Plaintiff Kareemah Clark as the beneficiary. R. 1-1 at 8–14. The face amount of the Policy is $127,000. *Id.* at 10. In relevant part, the Policy pays an insurance benefit only upon receiving proof that death resulted from Accidental Injury, "directly and independently from all other causes." *Id.* at 9. The Policy does not apply where death is caused or contributed to by "[d]isease, illness, or infirmity

of mind or body." *Id.* at 12. And under the Policy, accidental injury means "bodily injury sustained by the Injured Person as a direct result of an accident, independent of disease or bodily or mental illness or infirmity or any other cause." *Id.* at 11.

Ms. Williams passed away in October 2022. R. 6-1. According to the Certificate of Death Record ("Death Certificate") issued on November 9, 2022, the "immediate cause of death" was cardiac arrest, respiratory arrest, and COVID-19. *Id.* The Death Certificate also provided that asthma and hypertension were "significant conditions contributing to the death but not resulting in the underlying cause." *Id.* The State of Illinois Certificate of Death Worksheet ("Worksheet"), certified on January 31, 2023, provided the same immediate cause of death as the Death Certificate—cardiac arrest, respiratory arrest, and COVID-19. R. 6-2 at 3. Notably, the Worksheet added "unwitnessed fall" as a third "significant condition contributing to death but not resulting in the underlying cause" along with asthma and hypertension. *Id.*

In November 2022, Plaintiff submitted a claim to Defendant to pay out the Policy, and Defendant denied the claim. R. 1-1 at 5. Plaintiff filed this lawsuit alleging that Defendant breached the Policy by denying the claim. *Id.* Defendant now moves for a judgment on the pleadings, arguing that Ms. Williams' death did not result from accidental injury, and the benefits were properly denied. R. 13.

## Analysis

The interpretation of an insurance policy is a matter of state law. *Westfield Ins. Co. v. Vandenberg*, 796 F.3d 773, 777 (7th Cir. 2015). Plaintiff argues that Georgia law applies, *see* R. 24 at 10, while Defendant relies on Illinois law, R. 13 at 4–5. The Court need not resolve this issue to reach a ruling. Both Illinois and Georgia law

provide that unambiguous language in an insurance policy is given its plain meaning. *See, e.g., Sokol & Co. v. Atl. Mut. Ins. Co.*, 430 F.3d 417, 420 (7th Cir. 2005) (applying Illinois law) and *Auto-Owners Ins. Co. v. Neisler*, 779 S.E.2d 55, 59 (Ga. Ct. App. 2015) (applying Georgia law). Here, the Policy is unambiguous—it only applies if the death resulted from accidental injury, "directly and independently from all other causes." R. 1-1 at 9.

Without providing specifics, Plaintiff argues that Ms. William's death was the "result of an accidental injury as defined in the policy" and that the Death Certificate "has been updated to reflect those changes." R. 24 at 12. Construing Plaintiff's argument liberally, *see Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (courts construe *pro se* pleadings liberally), the Court recognizes that the Worksheet is the updated Death Certificate referred to by Plaintiff and that the "unwitnessed fall" is the source of Plaintiff's argument for accidental injury.

Accepting all well-pled facts as true, the Court accepts that Ms. Williams had an unwitnessed fall, that the fall was an accidental injury as defined in the Policy, and that it was a significant condition that contributed to death. Still, these facts are insufficient to support a reasonable inference that the fall caused Ms. Williams' death "directly and independently from all other causes" as required by the Policy. R 1-1 at 9. The Worksheet explicitly provides that other causes outside of the fall—cardiac arrest, respiratory arrest, and COVID-19—were the immediate cause of death. R. 6-2 at 3. Plaintiff thus fails to state a claim.

4

## Conclusion

For the foregoing reasons, Defendant's motion for judgment on the pleadings is granted.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: December 7, 2023